VIRGINIA:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| KENNETH WILSON ] | |
| ] | |
| **Plaintiff** ] | |
| ] | |
| v. ] | |
| ] | CASE NO. 3:20-CV-00645-DJN |
| ] | |
| GORDON J. PAINTER ] | |
| ] | |
| and ] | |
| ] | |
| COLONEL JEFFREY S. KATZ ] | |
| ] | |
| **Defendants.** ] | |

## **PLAINTIFF KENNETH WILSON'S AMENDED COMPLAINT**

COMES NOW, the Plaintiff, KENNETH WILSON ("Plaintiff" or "Mr. Wilson") by counsel, and hereby files his Complaint against Defendants, Gordon J. Painter ("Officer Painter") and Colonel Jeffrey S. Katz, and in support thereof, Plaintiff states as follows:

### **PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff, Kenneth Wilson, seeks relief for Defendant's violation of his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and 1988.  Mr. Wilson also brings this action to seek judgment for personal injuries suffered under the law of the Commonwealth of Virginia.  Mr. Wilson seeks compensation and punitive damages, an award of court costs, interest, attorney's fees, and such other relief as the Court deems just.

2. It has become apparent to citizens nationwide that law enforcement officers have engaged in unprofessional, dangerous, and occasionally deadly conduct in abuse of their

authority. On March 29, 2019, Mr. Wilson became a victim of this deplorable conduct.

3. Mr. Wilson alleges that Defendant, Gordon J. Painter, a police officer with the Chesterfield Police Department, acting under color of state law, unreasonably seized and falsely arrested Mr. Wilson without probable cause, in violation of Mr. Wilson's right to be free from an unreasonable use of force when Mr. Wilson was driving a vehicle, traveling West on Hull Street Road in the County of Chesterfield, Virginia.

4. Officer Painter initiated a traffic stop. Upon approaching Mr. Wilson's vehicle, Officer Painter did not inform Mr. Wilson of the reason for the stop but asked for Mr. Wilson's license and registration. Mr. Wilson retrieved the information the Officer requested.

5. Officer Painter took Mr. Wilson's information back to his K9 patrol vehicle and ran Mr. Wilson's information and confirmed that Mr. Wilson had no active warrants for his arrest. Officer Painter then returned to Mr. Wilson's vehicle and violently arrested Mr. Wilson by striking Mr. Wilson with a closed fist to the face, without probable cause, injuring Mr. Wilson in the process. Mr. Wilson suffered physical and emotional injuries, including pain, fear, humiliation, and anxiety. The charge against Mr. Wilson was ultimately dismissed.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Va. Code § 17.1-513, as the amount in controversy exceeds $25,000.00 (removed to the United States District Court August 20, 2020.)

7. The Court has personal jurisdiction over the Defendant pursuant to Va. Code § 8.01-328 as the tortious injury occurred in Chesterfield County, Virginia.

8. Venue is also proper under Va. Code § 8.01-262 as a substantial part of the acts giving rise to Plaintiffs' claims occur in the County of Chesterfield.

## PARTIES

9.     Plaintiff Kenneth Wilson is a natural person and citizen of the United States domiciled in the Commonwealth of Virginia.

10.     Defendant Gordon J. Painter is a natural person and citizen of the United States, domiciled in the Commonwealth of Virginia. At all relevant times, Defendant Gordon J. Painter was employed by the County of Chesterfield as a police officer with the Chesterfield Police Department.

11.     At all relevant times, Defendant Gordon J. Painter was acting under the color of state law. Defendant Gordon J. Painter is being sued in his individual capacity.

12.     Colonel Jeffery Katz is the Chesterfield County Chief of Police and at all times was acting under the color of law. Defendant Katz is responsible for the hiring, training, supervision, direction and conduct of police officers and administrative staff within the Chesterfield County Police Department. Furthermore, he has policy making authority within the Department. Defendant Katz is being sued in his professional and individual capacity

## STATEMENT OF FACTS

13.     Plaintiff re-alleges the allegations set forth in the preceding paragraphs of the Complaint by reference and incorporation, as if fully set forth herein.

14.     On, March 29, 2019, Mr. Wilson was driving a vehicle and was traveling West on Hull Street Road when Officer Painter initiated a traffic stop. Upon approaching Mr. Wilson's vehicle, Officer Painter did not inform Mr. Wilson of the reason for the stop but asked for Mr. Wilson's license and registration. Mr. Wilson reached into his fanny pack located on his chest to retrieve the information the Officer requested. Due to Officer Painter's position above Mr. Wilson, (i.e. Mr. Wilson is sitting in his vehicle with Officer Painter standing above him) Officer Painter's body camera has an unobstructed view of the inside of Mr. Wilson's fanny pack. (See:

Body Camera at 1:11.)

15. Officer Painter asked Mr. Wilson where he was headed, and Mr. Wilson responded that he was headed home. Mr. Wilson then reached into his glove box to begin searching for his registration. Officer Painter's body camera again had an unobstructed view of the inside of Mr. Wilson's glove compartment. Id. at 1:22. Officer Painter then took Mr. Wilson's information back to his patrol vehicle and ran Mr. Wilson's information.

16. Officer Painter returned to Mr. Wilson's vehicle at 4:26 and said, "alright bud, go ahead and step out for me real quick." Id. at 4:29. Mr. Wilson then says, "Can I ask why you pulled me over?" At 4:31, Officer Painter, for the first time, explained that Mr. Wilson's headlight is out. As Officer Painter says this, he opens the driver door of Mr. Wilson's vehicle and is now standing between Mr. Wilson and the driver door, blocking Mr. Wilson's ability to exit the vehicle.

17. Mr. Wilson asked an additional question and Officer Painter repeated that Mr. Wilson's headlight is out at 4:36. At 4:38, while grabbing Mr. Wilson's arm, Officer Painter states "Go ahead and step out for me." At 4:40, while Mr. Wilson states, "Can you …Can you not . . . ," (and before Mr. Wilson is able to finish his question) Officer Painter started pulling Mr. Wilson's arm. One second later, at 4:41, Officer Painter **struck** Mr. Wilson in the face with a closed fist, reached in Mr. Wilson's vehicle, unbuckled Mr. Wilson's seat belt, forcibly pulled Mr. Wilson out of the vehicle and slammed Mr. Wilson to the ground and placed Mr. Wilson in handcuffs while placing his weight on Mr. Wilson's back. At no time did Mr. Wilson resist Officer Painter or conduct himself in a manner that would provoke violence when Officer Painter conducted this unlawful seizure.

18. Defendant Painter then conducted a search of Mr. Wilson's vehicle. Prior to entering Mr. Wilson's vehicle, Defendant Painter did not have probable cause to believe

4

evidence of any crime would be found inside the vehicle.  Defendant Painter also did not have reason to believe that any weapons would be found in the vehicle to which Mr. Wilson could gain access.  Prior to entering Mr. Wilson's vehicle, Defendant Painter did not obtain Mr. Wilson's consent to enter his vehicle, to search his vehicle, or to seize any contents found within his vehicle.

19. After finding what Officer Painter believed to be marijuana in Mr. Wilson's vehicle, Defendant Painter informed Mr. Wilson that he was under arrest for possession of marijuana.

20. Mr. Wilson was unarmed at the time of Officer Painter's use of force against him. At no time prior to removing Mr. Wilson from his vehicle did Defendant Painter advise Mr. Wilson that he was under arrest.

21. Defendant Painter acted with conscious disregard that his conduct would cause Mr. Wilson severe physical and mental injury.

22. Officer Painter stated that the force he used during the incident was taught to him by the Chesterfield Police Department under the command of Chief of Police Colonel Jeffrey S. Katz. **(Transcript herein incorporated as Exhibit B).**

23. The Chesterfield County Police Department is overseen by the Chief of Police, Colonel Jeffery Katz, who is responsible for the hiring, training, supervision, direction and conduct of police officers and administrative staff.  In addition, Defendant Katz is a person with final policy making authority within the Chesterfield Police Department and according to the testimony provided by Defendant Painter on October 8, 2019, Defendant Katz trained officers improperly which manifested the deliberate indifference to the right of the Plaintiff.

24. Plaintiff's allegations is also supported by evidence demonstrating Defendant Katz's knowledge of Defendant Painters history of abuse in addition to establishing and directing

subordinates to utilize an improper custom or policy (i.e. "the distraction technique') which directly resulted in Plaintiff sustaining the injuries described in Plaintiff's Complaint.

25. As a direct result of Defendant Painter's unreasonable and excessive use of force, Mr. Wilson suffered injuries to his face and lacerations to his body.

26. During his trial, Mr. Wilson argued that Defendant Painter's conduct violated the Fourth Amendment to the Constitution of the United Stated and Va. Code § 19.2-59, and the trial Court agreed.

27. A hearing on the Defendant's Motion to Suppress was held in the Chesterfield County General District Court on October 8 and October 24, 2019. (**Memorandum herein incorporated as Exhibit A**) The court made the following findings of fact and the Commonwealth elected not to appeal the Court's findings:

> "Actually, I did some research, too . . . I appreciate -- I read each of your briefs and memos, and I probably see it a little different than the analogy [made by the Commonwealth]. I wrote some on the issue as I saw . . . as well as the Fourth Amendment to the United States Constitution to allow a police officer to forcibly remove a person from an automobile during a traffic stop of a defective headlight when he [the officer] said he detected an odor of marijuana coming from the vehicle.
>
> In this case, there is no safety issues that was articulated. And so I went back and I looked at the Pennsylvania versus Mimms, Maryland versus Wilson and Perry verses Ohio, and in their analysis, they said I have to look at the reasonableness and all circumstances of the governmental invasion of a citizen's personal security. And their reasonableness depends on the balance between the public interest and the individual's right of personal security.
>
> In this case, in Mimms and Maryland, they said de minimus intrusion into the driver's liberty allowed the police to ask the passenger and the driver to step outside the vehicle. I don't find there was a de minimus intrusion when he [Officer Painter] hit him [Mr. Wilson] in the head and grabbed him and pulled him out of the car after telling him that the stop was for a defective headlight.
>
> I think based on the totality of the circumstances, that [the officer's action] was more than the Fourth Amendment allowed, and the question is can you conduct a warrantless search after an unconstitutional seizure and I believe you cannot and I am allowing the Motion to Suppress." (**Transcript herein incorporated as Exhibit B**)

## CLAIM FOR RELIEF

## <u>COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT</u>

28. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

29. 42 U.S.C. Code § 1983 provides, in pertinent part, that:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

30. Mr. Wilson is a citizen of the United States and Defendant Painter is a person for the purpose of 42 U.S.C § 1983.

31. Defendant Painter at all relevant times was acting under the color of state law in his capacity as an officer for the Chesterfield County Police Department and his acts were conducted within the scope of his official duties.

32. At the time of the events, Mr. Wilson had a clearly established constitutional right under the Fourth Amendment, as applied to the States under the Fourteenth Amendment to be secure from unreasonable seizures and excessive force.

33. Any police officer knew or should have known as a result of his or her training and experience of Mr. Wilson's rights at the time of these events.

34. Defendant Painter's use of force, described above, was objectively unreasonable in light of the facts and circumstances confronting him and were malicious, reckless, and indifferent to Mr. Wilson's constitutionally protected rights and physical safety.

35. Defendant Painter's use of force was grossly disproportionate to any and all risk facing him at the time.

36. Defendant Painter violated Mr. Wilson's clearly established constitutional rights and he is not entitled to qualified immunity for his conduct during the incident.

37. Defendant Painter's acts were intentional, willful, malicious and done with the purpose of inflicting physical and mental harm to Mr. Wilson.

38. Officer Painter stated that the force he used during the incident was taught to him by the Chesterfield Police Department under the command of Chief of Police Colonel Jeffrey S. Katz.

39. As a direct and proximate result of Defendant Painter's unlawful conduct, Mr. Wilson suffered a deprivation of his rights under the Fourth Amendment, severe bodily injury, conscious pain and suffering, economic loss, humiliation, and mental distress.

40. Accordingly, Defendants Painter and Katz are liable to Mr. Wilson for the deprivation of his rights in violation under 42 U.S.C. § 1983.

41. In addition to compensatory, consequential, and special damages, Mr. Wilson is entitled to punitive damages against Defendant Painter under the same in that his actions were undertaken maliciously, willfully and with reckless or wanton disregard of Mr. Wilson's constitutional rights.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $100,000.00 in compensatory damages, $50,000.00 in punitive damages, pre and post judgment interest, reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1983, and any additional relief as the Court may deem appropriate.

## COUNT II – FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT

42.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

43.     At the time of the events described herein, Mr. Wilson had a clearly established constitutional right under the Fourth Amendment, as applied to the States under the Fourteenth Amendment, to be free from arrest by law enforcement without probable cause and without authority.

44.     Any police officer knew or should have known as a result of his or her training and experience of Mr. Wilson's rights at the time of these events.

45.     Defendant Painter's arrest of Mr. Wilson for purported defective equipment was knowingly performed without probable cause and without authority and in violation of Virginia Code § 19.2-74.

46.     Defendant Painter violated Mr. Wilson's clearly established constitutional rights and he is not entitled to qualified immunity for his conduct during the incident.

47.     Defendant Painter's acts were intentional, willful, malicious and done with the purpose of inflicting physical and mental harm to Mr. Wilson.

48.     Officer Painter stated that the force he used during the incident was taught to him by the Chesterfield Police Department under the command of Chief of Police Colonel Jeffrey S. Katz.

49.     As a direct and proximate result of Defendant Painter's unlawful conduct, Mr. Wilson suffered a deprivation of his rights under the Fourth Amendment, severe bodily injury, conscious pain and suffering, economic loss, humiliation, and mental distress.

50.     Accordingly, Defendants Painter and Katz are liable to Mr. Wilson for the deprivation of his rights in violation under 42 U.S.C. § 1983.

51. In addition to compensatory, consequential, and special damages, Mr. Wilson is entitled to punitive damages against Defendant Painter under the same in that his actions were undertaken maliciously, willfully and with reckless or wanton disregard of Mr. Wilson's constitutional rights.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $50,000.00 in compensatory damages, $50,000.00 in punitive damages, pre and post judgment interest, reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988, and any additional relief as the Court may deem appropriate.

## COUNT III – COMMON LAW ASSAULT

52. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

53. This action is a common law claim of assault under Virginia Law.

54. Defendant Painter placed Mr. Wilson in reasonable fear of imminent physical injury through Defendant Painter's highly offensive and unwanted touching of his person without lawful justification, excuse, or consent.

55. At no time did Mr. Wilson consent to the Defendant's conduct.

56. Defendant Painter acted intentionally, maliciously, and recklessly causing Mr. Wilson to suffer reasonable fear of imminent physical injury or offensive bodily touching.

57. Officer Painter stated that the force he used during the incident was taught to him by the Chesterfield Police Department under the command of Chief of Police Colonel Jeffrey S. Katz.

58. As a direct and proximate result of the Defendant's conduct described herein, Mr. Wilson suffered reasonable apprehension, severe mental anguish, embarrassment, and

humiliation.

59. Defendants Painter and Katz are liable to Mr. Wilson for assault.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $75,000.00 in compensatory damages, $25,000.00 in punitive damages, pre and post judgment interest, costs, and any additional relief as the Court may deem appropriate.

## COUNT IV – COMMON LAW BATTERY

60. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

61. This action is a common law claim of battery under Virginia Law.

62. Defendant Painter acted with intent to cause harmful or offensive contact with Mr. Wilson's person and intended harmful or offensive contact to occur.

63. Defendant Painter struck Mr. Wilson in the face, grabbed him out of his vehicle and slammed him face first to the ground and placed his knee across Mr. Wilson's back and shoulders.

64. Defendant's physical contact with Mr. Wilson was intentional, harmful, and offensive and was done without consent or any other lawful justification or reasonable fear of imminent physical injury through Defendant Painter's highly offensive and unwanted touching of his person without lawful justification, excuse, or consent.

65. Officer Painter stated that the force he used during the incident was taught to him by the Chesterfield Police Department under the command of Chief of Police Colonel Jeffrey S. Katz.

66. As a direct and proximate result of the Defendant's conduct described herein, Mr. Wilson suffered severe bodily injury, economic loss, loss of bodily integrity, conscious pain and

11

suffering, severe mental anguish, embarrassment, and humiliation.

67. Defendants Painter and Katz are liable to Mr. Wilson for battery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $75,000.00 in compensatory damages, $25,000.00 in punitive damages, pre and post judgment interest, reasonable attorney's fees, costs, and any additional relief as the court may deem appropriate.

### **COUNT V – COMMON LAW FALSE IMPRISONMENT**

68. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

69. This is a common law claim of false imprisonment under Virginia law.

70. Defendant Painter seized and imprisoned Mr. Wilson without legal justification or excuse.

71. Defendant Painter imposed an unlawful restraint upon Mr. Wilson by violently slamming him to the ground and pinning Mr. Wilson from behind.

72. Defendant Painter acted with the intention of confining Mr. Wilson within fixed boundaries through his forceful conduct while Mr. Wilson was conscious.

73. Officer Painter stated that the force he used during the incident was taught to him by the Chesterfield Police Department under the command of Chief of Police Colonel Jeffrey S. Katz.

74. Defendant Painter never informed Mr. Wilson that he was free to leave, effectively limiting Mr. Wilson's free movement under false legal authority.

75. At the time of Mr. Wilson's detention, Defendant Painter knew or should have known that he did not have probable cause to believe a crime was afoot or reason to believe Mr. Wilson posed a danger to any other person.

76. In falsely arresting and imprisoning Mr. Wilson, Defendant Painter acted intentionally, willfully, wantonly, and recklessly.

77. As a direct and proximate cause of Defendant Painter's acts of restricting Mr. Wilson's movement, Mr. Wilson has suffered harm, extreme and emotional distress, humiliation, embarrassment, and mental anguish.

78. Defendants Painter and Katz are therefore liable to Mr. Wilson for false imprisonment.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $15,000.00 in compensatory damages, $15,000.00 in punitive damages, pre and post judgment interest, reasonable attorney's fees, costs, and any additional relief as the court may deem appropriate.

### COUNT VI – VIOLATION OF VA. CODE § 19.2-59 – UNLAWFUL SEARCH

79. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

80. The Plaintiff asserts a statutory claim of unlawful search pursuant to Va. Code § 19.2-59, which states in pertinent part:

> No officer of the law or any other person shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer. Any officer or other person searching any place, thing or person otherwise than by virtue of and under a search warrant, shall be guilty of malfeasance in office. Any officer or person violating the provisions of this section shall be liable to any person aggrieved thereby in both compensatory and punitive damages.

81. As stated herein, Defendant Painter searched Mr. Wilson's vehicle and possession without a search warrant and following an unlawful seizure of his person.

82. At no time prior to searching Mr. Wilson's vehicle did Defendant Painter obtain

Mr. Wilson's permission to search.

83. Accordingly, Defendant Painter acted maliciously, recklessly, without legal justification, and with full knowledge that his conduct was in violation of Virginia law and the Fourth Amendment.

84. On October 24, 2019, the Chesterfield General District Court found this warrantless search to be in violation of the Fourth Amendment and accordingly suppressed the tainted evidence seized by the Defendant.

85. As a direct and proximate result of Defendant Painter's intentional, reckless, willful and wanton and malicious conduct, Mr. Wilson was denied his right to privacy and right against unreasonable searches and seizures which caused him to suffer mental distress, gross embarrassment, humiliation, and financial loss.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $5,000.00 in compensatory damages, $5,000.00 in punitive damages, pre and post judgment interest, reasonable attorney's fees, costs, and any additional relief as the court may deem appropriate.

## COUNT VII – MALICIOUS PROSECUTION

86. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and exhibits of the Complaint by reference and incorporation, as if fully set forth herein.

87. Plaintiff asserts a common law claim for malicious prosecution under Virginia Law.

88. Defendant Painter knowingly and maliciously caused the criminal prosecution of Mr. Wilson after falsely arresting and detaining Mr. Wilson without probable cause.

89. Furthermore, Defendant Painter attempts to conceal the injury he caused to Plaintiff's eye, when he struck him with a closed fist, by instructing a fellow officer to take

14

photos of Plaintiff's mouth to show no injury existed.

90. As a direct result of Defendant Painter's intentional, malicious, and reckless conduct, Mr. Wilson suffered economic loss, loss of liberty, mental distress, conscious pain and suffering, gross embarrassment, and humiliation.

91. As a further consequence of the Defendant's unlawful and malicious conduct, Mr. Wilson was required to retain counsel to represent him in the criminal proceeding pursued against him and incurred additional expenses associated with defending against the unlawful criminal proceeding.

92. Defendants Painter and Katz are, therefore, liable to Mr. Wilson for malicious prosecution.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants and hold them liable to Mr. Wilson for the sum of $5,000.00 in compensatory damages, $5,000.00 in punitive damages, pre and post judgment interest, reasonable attorney's fees, costs, and any additional relief as the court may deem appropriate.

### PRAYER FOR RELIEF

Officer Painter's casual and indifferent demeanor throughout the criminal proceedings is indicative of his unreasonable and overly aggressive conduct during his interaction with 20-year-old college student, Kenneth Wilson on March 29, 2019. This conduct offends the canons of decency and should not be upheld by this Court.

**WHEREFORE**, Mr. Wilson prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants on all claims of relief asserted herein and award Plaintiff compensatory and punitive damages in the amount of $500,000.00, with reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, award pre and post judgement interest and grant Plaintiff any and all relief the Court deems necessary, just, and proper.  Plaintiff demands a trial by jury on all remaining issues of fact herein.

                Respectfully submitted,
                **KENNETH WILSON**

                */s/*
                Ericka M. Battle, Esquire, VSB #86459
                COATES & DAVENPORT, P.C.
                5206 Markel Road, Suite 200
                Richmond, VA  23230
                (804) 285-7000
                (804) 285-2849 fax
                e.battle@coateslaw.com
                *Counsel for Plaintiff*

## CERTIFICATE

I hereby certify that on this 15th day of September, 2020, I will electronically file the forgoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Julie A. C. Seyfarth, Esquire (VSB #46207)
Deputy County Attorney
P.O. Box 40
Chesterfield, Virginia 23832
seyfarth@chesterfield.gov

Andrew Fulwider, Esquire (VSB #83905)
Assistant County Attorney
P.O. Box 40
Chesterfield, Virginia 23832
fulwidera@chesterfield.gov

                */s/ Ericka M. Battle*
                Ericka M. Battle