IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH WILSON,

        Plaintiff,

v.                                       Case No.: 3:20-CV-00645-DJN

GORDON J. PAINTER,

        Defendant.

## GORDON J. PAINTER'S ANSWER TO THE AMENDED COMPLAINT

Gordon J. Painter ("Officer Painter"), by counsel, for his Answer to Plaintiff's Amended Complaint, states as follows:

1. Officer Painter admits Plaintiff's lawsuit is a civil rights action and an action for personal injury for which Plaintiff seeks damages. Officer Painter denies any factual allegations in Paragraph 1.

2. Officer Painter denies the allegations in Paragraph 2 that pertain to him. Officer Painter is unaware of the truth or falsity of the remaining allegations in Paragraph 2 and therefore denies them.

3. Officer Painter denies the allegations in Paragraphs 3 - 8 of the Amended Complaint.

4. Officer Painter is unaware of the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

5. Officer Painter admits the allegations in Paragraphs 10 - 11 of the Amended Complaint.

6.     The allegations in Paragraph 12 of the Amended Compliant do not pertain to Officer Painter, but to Colonel Jeffrey Katz who has been dismissed from the case. Therefore, no response is required by Officer Painter. To the extent a response is required, the allegations are denied.

7.     For his answer to Paragraph 13 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 12 of the Amended Complaint.

8.     Officer Painter admits the first sentence of Paragraph 14 of the Amended Complaint and denies the remaining allegations in Paragraph 14.

9.     Officer Painter admits the first sentence of Paragraph 15 of the Amended Complaint and denies the remaining allegations in Paragraph 15.

10.    Officer Painter admits the first sentence of Paragraph 16 of the Amended Complaint and denies the remaining allegations in Paragraph 16.

11.    Officer Painter denies the allegations in Paragraphs 17-19 of the Amended Complaint.

12.    In response to Paragraph 20 of the Amended Complaint, Officer Painter denies that at the time of the traffic stop he knew Plaintiff was not carrying a weapon. Officer Painter admits he did not expressly advise Plaintiff, prior to ordering him from the vehicle, that Plaintiff was under arrest, nor was Officer Painter legally required to do so as already determined by this Court. Officer Painter denies the remaining allegations in Paragraph 20.

13.    Officer Painter denies the allegations in Paragraph 21 of the Amended Complaint.

14.    Officer Painter admits the allegations in Paragraph 22 of the Amended Complaint.

15.    Officer Painter admits the first sentence in Paragraph 23 of the Amended Complaint and denies the second sentence in Paragraph 23 of the Amended Complaint.

16. Officer Painter denies the allegations in Paragraph 24 of the Amended Complaint.

17. Officer Painter is unaware of the truth or falsity of the allegations in Paragraphs 25-26 and therefore denies them.

18. Based on the transcript and his knowledge of the events, Officer Painter denies that the General District Court made findings of fact. Beyond that, Officer Painter denies any of the allegations in Paragraph 27 of the Amended Complaint to the extent they seek to impose liability on him in this action.

19. For his answer to Paragraph 28 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 27 of the Amended Complaint.

20. Officer Painter admits that Paragraph 29 of the Amended Complaint appears to restate the law, in pertinent part.

21. Officer Painter admits the allegations in Paragraphs 30-31 of the Amended Complaint.

22. Officer Painter denies the allegations in Paragraphs 32-37 of the Amended Complaint.

23. Officer Painter admits the allegations in Paragraphs 38 of the Amended Complaint.

24. Officer Painter denies the allegations in Paragraphs 39-41 of the Amended Complaint.

25. For his answer to Paragraph 42 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 41 of the Amended Complaint.

26. Count II has been dismissed by Order of the Court, as such Paragraphs 43-51 of the Amended Complaint require no response by Officer Painter.

27. For his answer to Paragraph 52 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 51 of the Amended Complaint.

28. In response to Paragraph 53 of the Amended Complaint, Officer Painter admits that the title of this Count is for common law assault under Virginia law.

29. Officer Painter denies the allegations in Paragraphs 54-56 of the Amended Complaint.

30. Officer Painter admits the allegations in Paragraph 57 of the Amended Complaint.

31. Officer Painter is unaware of the truth or falsity of the allegations in Paragraph 58 and therefore denies them.

32. Officer Painter denies the allegations in Paragraph 59 of the Amended Complaint.

33. For his answer to Paragraph 60 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 59 of the Amended Complaint.

34. In response to Paragraph 61 of the Amended Complaint, Officer Painter admits that the title of this Count is for common law battery under Virginia law.

35. Officer Painter denies the allegations in Paragraphs 62-64 of the Amended Complaint.

36. Officer Painter admits the allegations in Paragraph 65 of the Amended Complaint.

37. Officer Painter is unaware of the truth or falsity of the allegations in Paragraph 66 and therefore denies them.

38. Officer Painter denies the allegations in Paragraph 67 of the Amended Complaint.

39. For his answer to Paragraph 68 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 67 of the Amended Complaint.

40. Count V has been dismissed by Order of the Court, as such Paragraphs 69-78 of the Amended Complaint require no response by Officer Painter.

41. For his answer to Paragraph 79 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 78 of the Amended Complaint.

42. Count VI has been dismissed by Order of the Court, as such Paragraphs 80-85 of the Amended Complaint require no response by Officer Painter.

43. For his answer to Paragraph 86 of the Amended Complaint, Officer Painter restates and realleges his answers to Paragraphs 1 – 85 of the Amended Complaint.

44. Count VII has been dismissed by Order of the Court, as such Paragraphs 87-92 of the Amended Complaint require no response by Officer Painter.

45. Officer Painter denies any factual allegations contained in the WHEREFORE paragraphs in the Amended Complaint and denies any factual allegations contained in the Prayer for Relief. Officer Painter also expressly denies any allegation in the Amended Complaint that is not expressly admitted.

## DEFENSES

1. Officer Painter is entitled to qualified immunity because the actions he undertook were constitutional and because he undertook all actions in the reasonable, good faith belief that such actions were appropriate and lawful police actions based on the law at the time of the incident.

2. Officer Painter is entitled to qualified immunity because the actions he undertook were taken with the objective, good faith belief that they did not violate any of Plaintiff's clearly established constitutional rights.

3. Officer Painter's actions were objectively reasonable law enforcement actions and therefore cannot constitute an assault or battery.

4. Plaintiff's claims are barred by his own conduct and actions.

5. Officer Painter denies that he is indebted to Plaintiff in the amount claimed or in any amount, for the reasons stated in the Amended Complaint or for any reason.

6. Officer Painter states that all of his actions were taken in the lawful performance of his duties and obligations as a Chesterfield County police officer.

7. Plaintiff has failed to mitigate his damages.

                                                             Gordon J. Painter

                                                             By Counsel

/s/ Julie A. C. Seyfarth
Julie A. C. Seyfarth (VSB #46207)
Deputy County Attorney
Andrew J. Fulwider (VSB #83905)
Assistant County Attorney
Chesterfield County, Virginia
P. O. Box 40
Chesterfield, VA 23832
Telephone: (804) 748-1491
Facsimile: (804) 706-2615
seyfarthj@chesterfield.gov
fulwidera@chesterfield.gov