**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1083

KENNETH WILSON,

        Plaintiff - Appellee,

  v.

GORDON J. PAINTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge. (3:20-cv-00645-DJN)

Submitted: November 22, 2021                                Decided: December 9, 2021

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Julie A.C. Seyfarth, Andrew J. Fulwider, CHESTERFIELD COUNTY ATTORNEY'S OFFICE, Chesterfield, Virginia, for Appellant. A. Moshe Sherman, Ericka M. Battle, Thomas F. Coates, III, COATES & DAVENPORT, P.C., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Wilson filed a 42 U.S.C. § 1983 amended complaint against Gordon J. Painter asserting, *inter alia*, excessive force during a traffic stop and state law claims of assault and battery.[1]  Wilson alleged that Painter, a Chesterfield County police officer, struck Wilson in the face and pulled him from his vehicle after Painter stopped him for a defective headlight.  Specifically, Wilson asserted that Painter blocked Wilson's exit from the vehicle, gave Wilson just 15 seconds to comply with his commands to exit the vehicle, and punched Wilson in the face despite Wilson's compliant and nonthreatening behavior.  Painter moved to dismiss Wilson's amended complaint, arguing that he was entitled to qualified immunity because he did not violate Wilson's constitutional rights and was not on notice that his use of force was unconstitutional.  The district court denied Painter's motion, concluding that "a reasonable officer would understand that striking a suspect in the face with a closed fist constitutes excessive force under the facts presented."  (J.A. 154).[2]  For the reasons that follow, we affirm.

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).  Ordinarily, a district court's denial of a motion to dismiss is generally not immediately appealable. *Occupy Columbia v.*

---

[1] Wilson raised additional claims against Painter and another defendant.  However, this appeal only concerns the district court's denial of qualified immunity to Painter on Wilson's excessive force claim.

[2] "J.A." refers to the joint appendix filed by the parties in their appeal.

*Haley*, 738 F.3d 107, 115 (4th Cir. 2013).  However, "a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a final decision within the meaning of § 1291," *Davis v. City of Greensboro*, 770 F.3d 278, 282 (4th Cir. 2014) (internal quotation marks omitted), provided that the court's reasoning rests on the purely legal determination that the facts do not establish a violation of a clearly established right, *Iko v. Shreve*, 535 F.3d 225, 234-36 (4th Cir. 2008).  Thus, "[o]ur review of such orders is limited to a narrow legal question: if we take the facts as the district court gives them to us, and we view those facts in the light most favorable to the plaintiff, is the defendant still entitled to qualified immunity?"  *Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019) (footnote omitted).

Viewing the facts as the district court gave them to us, and in the light most favorable to Wilson, *id.*, we agree with the district court's conclusion that Wilson plausibly alleged that Painter "acted in a way that, as a matter of law, violated [Wilson's] clearly established . . . Fourth Amendment right to freedom from excessive force," *id.* at 770; *see Smith v. Ray*, 781 F.3d 95, 104 (4th Cir. 2015) (denying qualified immunity "based on the simple fact that the officer took a situation where there obviously was no need for the use of any significant force and yet took an unreasonably aggressive tack that quickly escalated it").  We therefore affirm the district court's order.  *Wilson v. Painter*, No. 3:20-cv-00645-DJN (E.D. Va. Dec. 21, 2020).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*