IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KENNETH WILSON,
    Plaintiff,

v.                                                                            Civil No. 3:20cv645 (DJN)

GORDON J. PAINTER, *et al.*,
    Defendants.

**ORDER**
**(Directing Jury Process)**

This matter comes before the Court for pretrial management. The Court hereby DIRECTS the Clerk to empanel a jury venire of sixty-four prospective jurors for Jury Selection on April 12, 2022. As stated on the record during the January 7, 2022 status call, the Court DIRECTS the Clerk to strike all members of the venire who indicate on their screening form that they have not received full vaccination for COVID-19. The Court strikes these unvaccinated prospective jurors over Plaintiff's objection for two reasons. First, the Court takes seriously its duty to keep safe all those persons who appear before it, including the parties, prospective jurors, members of the public, attorneys and court personnel. *Cf.* Federal Judiciary COVID-19 Recovery Guidelines, at 2 ("The health and welfare of each Judiciary employee, contractor, and member of the public that enters our facilities should be paramount in the decisions that are made as these [COVID-19 recovery] guidelines are implemented.") Striking unvaccinated prospective jurors reduces risk of transmission of COVID-19 and resultant severe infections. *See Do COVID-19 Vaccines Protect Against the Variants?* Mayo Clinic ("The greatest risk of

transmission is among unvaccinated people.").¹ That is particularly true for selected jurors who must eat together in a closed environment, having removed their masks. Second, to protect the parties' right to receive a fair trial, the Court strikes these unvaccinated prospective jurors to ensure that the empaneled jury renders its verdict based solely on the evidence before it rather than rushing to a decision to reduce the duration of exposure to their unvaccinated peers. In striking unvaccinated prospective jurors, the Court adopts the reasoning of *United States v. Moses* in full. 2021 WL 4739789 (W.D.N.Y. Oct. 12, 2021) (finding striking unvaccinated jurors did not violate the fair cross-section requirement of the Sixth Amendment or the Jury Selection and Service Act).

Jury selection on April 12, 2022, will proceed as follows. The Court will summons sixty-four prospective jurors. The prospective jurors will be summoned in separate panels of sixteen prospective jurors each, such that only sixteen prospective jurors will be in the Courtroom at a time. The Court will summons four panels of jurors to appear on April 12, 2022, with panels separately summoned for 9:00 a.m., 11:00 a.m., 1:00 p.m. and 3:00 p.m. The Clerk shall randomize the list of remaining jurors before creating four panels from the randomized list. The Clerk shall provide the lawyers with a list of the jurors summoned in each panel no later than April 7, 2022.

For each panel, the Court will individually question prospective jurors. Following the individual questioning of each prospective juror, the parties will be provided the opportunity to argue that the prospective juror must be struck for cause, or the party may elect to use one of its

---

¹ Available at https://www.mayoclinic.org/coronavirus-covid-19/covid-variant-vaccine (last updated December 30, 2021).

2

peremptory strikes.² Any prospective juror not struck will become a member of the jury. Any juror not selected will be excused. No backstriking will be permitted. This process will be repeated until seven jurors have been selected. Jurors will be required to report to the Courthouse on April 13, 2022, at 9:00 a.m., with opening statements and the presentment of evidence to begin that day at 9:30 a.m.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: January 10, 2022

---

² The number of peremptory strikes provided for in Fed. R. Civ. P. 47 will serve as the maximum number of peremptory strikes that each party may use in the aggregate across all four panels.